**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

ANN LOUISE WERTS and DAN WERTS

      Plaintiffs,

v.

CABOT LODGE SECURITIES, LLC, and
CRAIG GOULD                                   Case No. 1:23-cv-1374

      Defendants.

---

**FIRST AMENDED COMPLAINT**

Plaintiffs Ann Louise Werts, and Dan Werts (collectively "Plaintiffs"), through their undersigned counsel, for their Complaint against Cabot Lodge Securities, LLC ("Cabot Lodge") and Craig Gould (collectively "Defendants") hereby state as follows:

**INTRODUCTION**

1.    Plaintiffs are financial advisors who were formerly registered with Cabot Lodge. Each Plaintiff entered into a Financial Advisor Independent Contractor Agreement (the "Agreements") that governs their relationship with Cabot Lodge. Plaintiffs bring this action to thwart Cabot Lodge's flagrant attempts to disregard the plain terms of the Agreements—drafted by *Cabot Lodge*—that states "any claim or dispute in connection" with the Agreements must be heard in court.

2.    Rather than honor the terms it drafted, Cabot Lodge has dragged Plaintiffs into *four* separate arbitrations. These arbitrations were commenced by Cabot Lodge's former customers. *None* of these customers named the Plaintiffs. Nevertheless, in an unabashed attempted to foist liability

1

where none exists, Cabot Lodge has asserted third party claims for indemnification against Plaintiffs to pass off the *entirety* of its liability. In so doing, Cabot Lodge claims that Plaintiffs are liable because they violated the terms of the Agreements.  Stated differently, Defendants have contravened the bare terms of the Agreements by hauling Plaintiffs into arbitrations for conduct relating to the Agreements. Plaintiffs thus have no choice but to vindicate their rights and seek a stay of all the arbitration proceedings against them.

## PARTIES

3.      Plaintiff Ann Louise Werts is a person whose primary residence is in Colorado.

4.      Plaintiff Dan Werts is a person whose primary residence is in Colorado.

5.      Defendant Cabot Lodge Securities is a Delaware limited liability corporation. Upon information and belief, Cabot Lodge Securities' sole member is a New York limited liability corporation.

6.      Craig Gould is a person, who upon information and belief is a resident of New Jersey.

## JURISDICTION AND VENUE

7.      This is an action for declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 and injunctive relief.

8.      The Court has subject matter jurisdiction pursuant 28 U.S.C. §1332 because the underlying matters in controversy exceed the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

9.      Venue lies within this District pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claim, including the arbitration Plaintiffs seek to enjoin,

occurred in this District. The parties also agreed pursuant to the forum selection clauses at issue, that venue lies within this District.

## GENERAL ALLEGATIONS

**A.**      **The Plaintiffs Enter Agreements with Cabot Lodge**

10.      Plaintiffs are financial advisors who were registered with Cabot Lodge until 2021. Plaintiffs worked in Cabot Lodge's Denver, Colorado office.

11.      Plaintiffs each allegedly entered into the Agreements[1] that governed their relationship with Cabot Lodge.

12.      Cabot drafted each of these Agreements. The Agreements contain substantively identical provisions concerning the parties' ability to litigate claims against one another and where those claims must be brought.

13.      The Agreements contain a "Choice of Law" provision that states:

Financial Advisor agrees to **submit and confer exclusive jurisdiction on, the United States District Court or the State Court** that has original jurisdiction for the judicial district or county in which the CLS office to which Financial Advisor was las assigned or where CLS is headquartered. This agreement shall be construed, governed by, and enforced in accordance with the laws of said jurisdiction.

14.      Similarly, the Agreements contain and *additional* "Jurisdiction" clause that states:

Financial Advisor agrees to submit to, and confer **exclusive jurisdiction on, the United States District Court or the State Court** that has original jurisdiction for the judicial district or county in which either Financial Advisor last worked for the CLS or where the CLS is headquartered.

---

[1] Attached as **Exhibit A** is a true and correct copy of Ann Werts' June 13, 2013 Agreement; attached as **Exhibit B** is a true and correct copy of Dan Werts' December 5, 2016 Agreement.

15.     Namely, the Agreements plainly state that *all* causes of action relating to the Agreements **must** be litigated in either federal or state court:

> **Non-FINRA Disputes.** Any **claim or dispute** between the parties that is not subject to arbitration before FINRA, including, **but not limited to any claim or dispute in connection with or arising under the terms of this Agreement** or under any federal, state or local labor law, employment, discrimination, compensation, wage payment or wage-hour , statute, regulation or ordinance, **shall be venued solely in the United States District Court or state court of general jurisdiction nearest to and having venue over the CLS office in which Financial Advisor was situated or in no such office, then the New York City Office**.

16.     The Agreements all contain "integration" clauses which state that the Agreements "supersede[] all previous agreements between CLS and Financial Advisor as to the subject matter contained herein. All such previous agreements are null and void."

17.     Thus, it is unmistakable that the Agreements require all causes of actions relating to the Agreements to be litigated in court.

**B.     Cabot Improperly Attempts to Sue Plaintiffs in Arbitration**

18.     This matter stems from four arbitrations filed before the Financial Industry Regulatory Authority ("FINRA"): (a) *Beckingham et al. v. Cabot Lodge Securities, LLC and Craig Gould*, FINRA Arb. No. 22-01540; (b) *Roluti et al. v. Cabot Lodge Securities, LLC,* FINRA Arb. No. 22-01460; (c) *Lynn v. Cabot Lodge Securities, LLC*, FINRA Arb. No. 22-02512; and (d) *Peterson v. Cabot Lodge Securities, LLC*, FINRA Arb. No. 23-00402. (collectively the "Arbitrations").

19.     Each of the Arbitrations contain similar facts and legal claims.

20.     Namely, Cabot Lodge's former clients claim that their purchases of securities known as GWG L-Bonds were not suitable based on their investment objectives and risk tolerances.

21.     Based on this, the claimants in the Arbitrations have asserted several legal claims against Cabot Lodge, including for violation of the various state securities acts, breach of fiduciary duty, and negligence.

22.     Additionally, in the *Beckingham* and *Roluti* matters, the claimants have asserted similar causes of action against Craig Gould (Cabot Lodge's Vice President of Compliance) relating to his liability as a control person under the Securities and Exchange Act.

23.     Claimants seek over $2,000,000 in damages from Cabot Lodge and/or Craig Gould in the Arbitrations.

24.     *None* of these claimants, however, have asserted causes of actions against the Plaintiffs.

25.     Despite this, Cabot Lodge and Craig Gould have sought to pass off the *entirety* of their liability to Plaintiffs in the Arbitrations.

26.     Cabot Lodge has specifically sought to implead Ann Werts as a third-party in *all* the Arbitrations.

27.     Cabot Lodge and Craig Gould have additionally sought to implead[2] Dan Werts as a third party in the *Beckingham* and *Roluti* matters.

---

[2] Attached as Exhibits C-F are copies of the third-party claims Defendants bring against Plaintiffs in the Arbitrations.

28.     Defendants bring nearly identical third-party claims against the Plaintiffs across the Arbitrations. Namely, Defendants assert causes of action against the Plaintiffs for (a) indemnification/breach of contract; (b) what Defendants label a "claim-over" and; (c) attorneys' fees.

29.     Defendants specifically allege that if the claimants in the Arbitrations successfully prove their claims, then Plaintiffs would reflexively be responsible to indemnify Defendants pursuant to the Agreements.  Defendants claim that this is because if claimants' allegations are proven, Defendants—by virtue of being claimants' former financial advisors—would necessarily have breached the Agreements' provisions.

30.     In support, Defendants rely on the Agreements' provisions that require Plaintiffs to comply with all applicable FINRA rules, Cabot Lodge's policies, and federal and state securities laws. In other words, Defendants assert that if claimants successfully prove their claims, it is because Plaintiffs failed to make suitable recommendations and/or made misrepresentations, which violates the Agreements.

31.     Defendants also cite the Agreements' Indemnification provision, which they allege entitles Defendants to all losses, including all costs and attorneys' fees in connection with any claim brought against Cabot Lodge as a result of Plaintiffs' conduct.

32.     Stated differently, the *entire* basis for Cabot's bringing claims against Plaintiffs arises out of the Agreements.

33.     Thus, Defendants' third-party claims fly in the face of the Agreements' bare terms, which require all claims concerning the Agreements to be litigated in court.

## FIRST COUNT
### (Declaratory Relief)

34.     The allegations set forth in preceding paragraphs of this Complaint are incorporated as if fully set forth herein.

35.     The forum selection clause in the Agreements requires that **"[a]ny claim or dispute between the parties** . . . **including, but not limited to any claim or dispute in connection with or arising under the terms of this Agreement** . . . s**hall be venued solely in the United States District Court or state court** of general jurisdiction nearest to and having venue over the CLS office in which Financial Advisor was situated.**"**

36.     The Agreements also contain similar "Choice of Law" and "Jurisdiction" clauses that confer "exclusive jurisdiction on, the United States District Court or the State Court" where the financial advisor was situated.

37.     The parties thus agreed to litigate all matters related to the Agreements in court.

38.     Defendants, however, brought claims against Plaintiffs in arbitration that explicitly relate to Plaintiffs' alleged violations of the Agreements.

39.     Plaintiffs are therefore not obligated—and specifically bargained for the ability to not—arbitrate any matters before FINRA.

40.     Declaratory relief is appropriate because there is a substantial continuing controversy between the parties that is definite and concrete, affecting the parties' legal interests related to the Agreements with sufficient immediacy, and Plaintiffs will continue to suffer injury in the future in the absence of declaratory relief.

41.     Plaintiffs seek a declaratory judgment under Federal Rule of Civil Procedure 57 and 28. U.S.C. § 2201 that Defendants third-party claims are not arbitrable.

## SECOND COUNT
### (Permanent injunction)

42.     The allegations set forth in preceding paragraphs of this Complaint are incorporated as if fully set forth herein

43.     Plaintiffs have not agreed to arbitrate the disputes in the Arbitration; to the contrary, they have explicitly bargained for the ability to litigate all disputes concerning the Agreements.

44.     Plaintiffs will suffer irreparable harm by being forced to arbitrate a matter they specifically bargained for the ability to litigate in a court of law.

45.     Plaintiffs can demonstrate a likelihood of success because controlling authority states that forum selection clauses control a parties' right to not arbitrate a matter.

46.     Finally, the balance of hardships tips in their favor because Plaintiffs would be compelled to expend resources and time on multiple matters that they did not agree to arbitrate.

47.     Plaintiffs thus satisfy the standard for a permanent injunction.

## THIRD COUNT
### (Breach of Contract)

48.     The allegations set forth in preceding paragraphs of this Complaint are incorporated as if fully set forth herein

49.     The Agreements' plain terms require that "any claim or dispute in connection with or arising under the terms [the Agreements]" must be litigated in court.

50.     Defendants breached this provision and similar other provisions by filing third party

claims against Plaintiffs in the Arbitrations.

51.     Plaintiffs have suffered damages by incurring legal fees and other arbitration fees and

costs in FINRA for having to defend against Defendants' impermissible legal claims.

WHEREFORE, Plaintiffs pray for the following relief:

A.      Enter a declaratory judgment that Arbitrations be dismissed or alternatively stayed.

B.      Enter a declaratory judgment that the Agreements require all actions concerning same Agreements be litigated in a court of law and that the claims in Defendants' third-party claims are not arbitrable

C.      Enter orders permanently enjoining Defendants from further proceeding in its FINRA actions against Plaintiffs.

D.      Enter an Order awarding Plaintiffs its legal fees, arbitration costs and other fees incurred in connection with Defendants' filing of the Arbitrations;

E.      Enter an Order awarding Plaintiffs its costs for filing this suit; and

F.      Enter an Order awarding such other and further relief as the Court deems just and proper.

Dated:  June 2, 2023                    **FAEGRE DRINKER BIDDLE & REATH LLP**
                                        By: *s/ Megan M. Farooqui*
                                        Megan M. Farooqui
                                        1144 15th Street, Suite 3400
                                        Denver, CO 80202
                                        (303) 607-3500 (ph)
                                        (303) 607-3600 (fax)
                                        Megan.Farooqui@faegredrinker.com

                                        *Attorney for Plaintiffs*